Filed
2/21/2020 11:58 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz



CAUSE NO.**20-DCV-271582**_____

| | | |
|---|---|---|
| HEAVENLY GRAND ESTATES LLC | § | IN THE DISTRICT COU~~RT~~ |
| D/B/A HEAVEN ON EARTH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| WESTCHESTER SURPLUS LINES | § | Fort Bend County - 458th Judicial District Court |
| INS. CO.        Defendant. | § | |
| | § | _____JUDICIAL DISTRICT |

EXHIBIT
A-2

---

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE:**

COMES NOW, Heavenly Grand Events LLC d/b/a Heaven on Earth ("Plaintiff"), and files this *Plaintiff's Original Petition and Request for Disclosure*, complaining of Westchester Surplus Lines Ins. Co. ("Westchester"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of Hurricane Harvey which severely damaged Plaintiff's three (3) commercial buildings on or about August 25, 2017. This case involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiff's claim, and the systematic approach by Westchester and its agents in handling these types of commercial property claims.

## PARTIES

2.      Plaintiff **Heavenly Grand Events LLC d/b/a Heaven on Earth's** three building complex

is located at 1619 3rd Street, 301 Douglas Lane, and 1612 3rd Street, Missouri City, in Fort Bend

County, Texas 77489 ("the Property").

3.      Defendant **Westchester Surplus Lines Insurance Company** is a foreign corporation

doing business in the State of Texas and may be served with summons by serving Saverio Rocca,

Assistant General Counsel ACE Group of Insurance Companies, 436 Walnut Street, Philadelphia,

PA 19106-3703, pursuant to the Service of Suit Endorsement to the Policy.

## JURISDICTION

4.      The Court has jurisdiction over this suit because the amount in controversy is within the

jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more

than $1,000,000. Plaintiff reserves the right to amend the petition during and/or after the discovery

process.

5.      The Court has jurisdiction over Defendant Westchester Surplus Lines Insurance Company

because this Defendant is an insurance company that engages in the business of insurance in the

State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in

the State of Texas.

## VENUE

6.      Venue is proper in Fort Bend County, Texas, because the insured property is located in

Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.      Plaintiff is the insured/policyholder in a Commercial Insurance Policy (the "Policy"),

issued by Westchester to insure commercial property (the "Property") consisting of three buildings

located at 1612 3rd Street, 301 Douglas Lane, and 1619 3rd Street, Missouri City, in Fort Bend County, Texas.

8.      On August 25, 2017, Hurricane Harvey slammed into the Texas' Gulf Coast as a Category 4 Hurricane with extreme wind speeds reaching 130 mph or higher. As Harvey traveled along the coast, from August 25th through September 1st, it spread devastation and destruction, including producing a record number of tornadors and record amounts of rain fall.

9.      Plaintiff's Property sustained significant wind damage and water intrusion as a result of Harvey. Specifically, the strong Harvey winds severely damaged Plaintiff's roofs in all three buildings. Blown roof shingles allowed openings in the roofs which, in turn, allowed rain to pentrate the interiors of the three  buildings, damaging insulation, ceilings, walls, floors, and contents and numerous business effects and items used in catering weddings and receptions.

10.     Plaintiff notified Westchester of the damage and made a claim ("the Claim") against the Policy. Westchester assigned McLarens, a third-party adjusting service company ("McLarens") to investigate Plaintiff's Claim. McLarens and/or Westchester, then assigned DBI Construction Consultants ("DBI") to evaluate and estimate damages. DBI and/or McLarens failed to perform a thorough and reasonable investigation of the Property for the Claim.

11.     The inadequacy of McLarens' participation in the claims-handling of Plaintiff's Claim, and DBI's substandard inspection is evidenced by the fact that numerous covered damages in all three buildings caused by strong winds, some of them tornadic, and/or hail, were omitted from the inspection estimate. As a result of the substandard and improper investigation by DBI, the damages were underestimated in value, and the estimate was woefully inadequate.

12.     This grossly insufficient estimate was approved and adopted by Westchester. It was, however, a misrepresentation of the total amount of damage that Plaintiff's Property had suffered,

and the true amount Plaintiff was owed on the Claim. Plaintiff was dissatisfied with the result of McLarens and DBI's improper investigation and over-all mishandling of its Claim.

13.     There is no question that the Policy between Plaintiff and Westchester covered the damages to Plaintiff's Property; therefore, Plaintiff was and is entitled to receive all Policy benefits. Furthermore, the Policy provided that Westchester would pay the RCV to repair and/or replace the damages caused by Harvey, which was a covered peril in the Policy. The result of Defendant Westchester's failures, assisted by its agents, McLarens and DBI, resulted in an underpayment of Plaintiff's Claim. The substandard investigation of Plaintiff's Property as reflected in DSI's inaccurate estimate, did not even meet the minimum standards of performance pursuant to industry standards in Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. *See* TEX. ADMIN. CODE §§21.203, 21.205.

14.     Westchester failed to properly train, adequately supervise, and oversee McLarens and DBI's handling of Plaintiff's Claim. As a result, these adjusters failed to perform a thorough and reasonable investigation of Plaintiff's Property Claim. Specifically, they failed to sufficiently inspect and document all damaged areas of Plaintiff's commercial Property and contents which resulted in improperly estimating the actual damages and repairs needed. The estimate by DBI is grossly deficient and accordingly, Plaintiff's' Claim was underpaid.

15.     Compounding Westchester's failure to adequately train and supervise its adjuster, Westchester further failed to adequately review any of the estimates provided. Rather than undertake an in-depth review of the adjusters' work, Westchester just blindly adopted and accepted, without question, the substandard inspection and its out-of-state's construction consultant, DBI's estimate of damages that had performed an outcome-oriented inspection of the Property. In this regard, Westchester intentionally chose and adopted a business model that

4

provided for retaining few, if any, qualified adjusters and employees or retaining any qualified outside adjusters to perform Westchester's non-delegable duties of investigating claims in accordance with applicable Texas law. Further, it is equally as clear, that Westchester either had no procedures or had inadequate procedures to monitor or regularly audit the work product of its adjusters and claims personnel. Westchester also completely ignored Plaintiff's bid estimate, provided to it, from a reputable local contractor to repair the damages from Hurricane Harvey and a resulting tornado.

16.     It is clear from these facts, that Westchester, along with DSI and McLarens, set out to deny and/or underpay Plaintiff's properly covered damages. Westchester failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued the damages that were allowed, thus denying an adequate and sufficient payment to Plaintiff. To date, Plaintiff has yet to receive full payment under the Policy which has caused a delay in Plaintiff's ability to fully repair its commercial buildings and replace the significant amount of lost contents and props needed for its business of catering weddings and receptions. Moreover, additional damages have occurred from the lack of repair. At this point, Plaintiff was left with little choice but to retain the services of the law firm whose signatures appear below.

17.     By wrongfully denying proper payment to Plaintiff and wholly failing to properly handle Plaintiff's Claim, Westchester breached the duty of good faith and fair dealing owed to Plaintiff as an insured in an insurance contract with Westchester. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Westchester have

the ability to more easily take advantage of policyholders like Plaintiff, due to an insurer's

exclusive control over the evaluation, processing and denial of claims. This unlevel playing field

between an insurer and its policyholders further justifies the imposition of a common-law duty on

insurers to deal fairly and in good faith with their policyholders which Westchester breached in

failing to deal fairly and in good faith with Plaintiff.

18.     Westchester's conduct was not only a breach of its common law duty to deal fairly and in

good faith with Plaintiff based on this "special relationship" between the parties, but also

constitutes a breach of the insurance contract between Westchester and Plaintiff. Over a century

ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law

to certain acts of the parties, usually words, which ordinarily accompany and represent a known

intent." *Hotchkiss v. Nat'l City Bank,* 200 F. 287, 293 (S.D.N.Y. 1911). The insurance Policy in

effect between Plaintiff and Westchester is a contract wherein the insurance company,

Westchester, offers to provide insurance coverage and services associated therewith in exchange

for the policyholder's payment of annual premiums in consideration of the contract. Texas law

recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the

contract can initiate legal action against the other party for violations of that contract that causes

damages. A breach of contract claim is distinct and independent from a tort claim such as a breach

of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual

claims. Tort and contract claims are separate and independent, yet they are factually interwoven,

and the same evidence is often admissible on both types of claims in an insurance policy.

19.     Westchester's conduct also constitutes the commission of a tort for its violation of the

Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including

Westchester's Policy contract with Plaintiff, does not contain provisions to account for an

insurance company's and/or its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiff here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tort acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Westchester. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiff's Policy with Westchester, which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, under independent bodies of law with unique causes of action and damages.

20.     Westchester has committed a tort when it violated the Texas Insurance Code by misrepresenting to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Westchester has further committed a tort

when it violated the Texas Insurance Code by initially undervaluing and under-scoping the damages Plaintiff incurred. Westchester's misrepresentations caused Plaintiff to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits," which signify the difference of the value represented and the value received. Westchester's conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

21.     Policyholders, like Plaintiff, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiff, therefore, is entitled to recover policy benefits which are the actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id*.

22.     Westchester also failed to make an attempt to settle Plaintiff's Claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Westchester's conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Westchester's conduct caused Plaintiff to lose Policy benefits to which it was entitled, and which should have been paid initially, in full, by Westchester but were not. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

23.     In addition, Westchester failed to explain to Plaintiff the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Westchester neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any

explanation for the failure to adequately settle Plaintiff's Claim. Westchester's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Westchester's conduct caused Plaintiff to lose Policy benefits to which it was entitled, and which should have been paid initially by Westchester in full. Plaintiff therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

24.    Furthermore, Westchester failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive from Westchester a timely written indication of acceptance or rejection, regarding the full and entire Claim. Westchester's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Westchester's conduct caused Plaintiff to lose Policy benefits to which it was entitled, and which should have been paid initially by Westchester in full. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

25.    Finally, Westchester refused to fully compensate Plaintiff under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Westchester's agents performed an outcome-oriented investigation of Plaintiff's Claim, which Westchester blindly accepted, and which resulted in an unfair and inequitable evaluation of Plaintiff's losses on the Property. Westchester's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Westchester's claims-handling conduct caused Plaintiff to lose Policy benefits to which it was entitled, and which should have been paid initially, in full, by Westchester. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of

the Texas Insurance Code. *Id.*

26.     After receiving notice of Plaintiff's Claim, Westchester failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's Claim, beginning an investigation of Plaintiff's Claim, and requesting all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim. Westchester's conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Westchester's conduct caused Plaintiff to suffer actual damages which constitutes the loss of Policy benefits to which it was entitled, and which should have been paid by Westchester. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

27.     Westchester failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Westchester's conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Westchester's conduct caused Plaintiff to suffer actual damages which constitutes the loss of Policy benefits to which it was entitled, and which should have been paid, in full, by Westchester. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

28.     Westchester failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiff's Claim without delay. Specifically, Westchester delayed full payment of Plaintiff's Claim longer than allowed, and, to date, Plaintiff has not received any payment much less full payment of its Claim. Westchester's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a

result of Westchester's violation of this section of the Texas Insurance Code, Plaintiff has lost Policy benefits to which it was entitled, and which should have been paid timely, in full, by Westchester. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Westchester's violation of this section of the Texas Insurance Code. *Id.*

29.     From the time Plaintiff's Claim was presented to Westchester, the liability of Westchester to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Westchester has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Westchester's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant Westchester, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiff all or part of such material information.

31.     Because of Defendant Westchester's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing it with respect to these causes of action.

32.     Plaintiff's experience is not an isolated case. The acts and omissions Westchester committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Westchester with regard to handling these types of claims. Westchester's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST WESTCHESTER

33.     Westchester is liable to Plaintiff for breach of contract, as well as violations of the Texas

Insurance Code, and breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

34.     Westchester's conduct constitutes a breach of the insurance contract made between Westchester and Plaintiff. Westchester's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Westchester's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35.     Westchester's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE §541.151.

36.     Westchester's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

37.     Westchester's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Westchester's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

38.     Westchester's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

39.     Westchester's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff, or to submit a reservation of rights to Plaintiff, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

40.     Westchester's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS ACT VIOLATIONS

41.     Westchester's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act.  All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE §542.060.

42.     Westchester's delay of the payment of Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, was longer than the amount of time provided for, as described above, and is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

43.     As referenced and described above, and with further such conduct throughout this litigation and lawsuit, McLarens and DBI are agents of Westchester based on theirs acts during the handling

of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. *See* TEX. INS. CODE §4001.051.

44.     Separately, and/or in the alternative, as referenced and described above, Westchester ratified the actions and conduct of McLarens and DBI, including the completion of their duties under the common law and statutory law.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurer's exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds."

46.     Westchester's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Westchester failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Westchester refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiff's' Claim was presented to Westchester, the liability of Westchester to pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

47.     Westchester's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, and to pay the full proceeds of the Policy, although, at that time, Westchester knew or should have known by the exercise of reasonable diligence that its liability

14

was reasonably clear, constitutes a breach of the duty of good faith and fair dealing. Westchester's

conduct has caused Plaintiff to lose Policy benefits to which it was entitled, and which should have

been paid, in full, by Westchester, but were not.

## KNOWLEDGE

48.     Each of the acts described above and herein, together and singularly, was done

"knowingly," as that term is used in the Texas Insurance Code and was a producing cause of

Plaintiff's damages described herein.

## DAMAGES

49.     Plaintiff will show that all the acts, taken together or singularly, constitute the producing

causes of the damages sustained by Plaintiff.

50.     As previously mentioned, the damages caused by Harvey have not all been properly

addressed or repaired in the months since, causing further damages to the Property, and causing

undue hardship and burden to Plaintiff. These damages are a direct result of Defendant

Westchester's mishandling of Plaintiff's Claim in violation of the laws set forth above.

51.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, for its

purchase of the Policy and which is the amount of its Claim, together with attorney's fees under

Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to

Plaintiff's claims for relief have been performed or have occurred and/or Westchester has waived

the same.

52.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff

is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees and all other

damages to which he is entitled. For knowing conduct of the acts described above, Plaintiff asks

for three times his actual damages under Section 541.152 of the Texas Insurance Code. *See* TEX. INS. CODE §541.152.

53.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiff is entitled to simple interest on the amount of its claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

54.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

55.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

56.     Plaintiff requests a jury trial of all their causes of action alleged herein with a jury consisting of citizens residing in Fort Bend County, Texas and Plaintiff is paying the appropriate jury fee with the filing of this petition.

## REQUEST FOR DISCLOSURE

57.     Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**MERLIN LAW GROUP, P.A.**

BY: */s/ René M. Sigman*
**Rene M. Sigman, Esq.**
State Bar No. 24037492
**J. Ryan Fowler, Esq.**
State Bar No. 24058357
rmsdocket@merlinlawgroup.com
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**